IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
      v.                    )      2:18cr331-MHT
                            )         (WO)
CORNELIUS DEON SCOTT        )

OPINION AND ORDER

This case is before the court on an unopposed motion to continue orally made on the record by defendant Cornelius Deon Scott on October 16, 2018. For the reasons set forth below, the court finds that jury selection and trial, now set for November 5, 2018, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Scott in a speedy trial. Scott will receive a mental-competency evaluation by

the BOP, which will require additional time. The court will, in turn, require further time to consider the parties' responses to the evaluation and determine how to proceed. A November 5 trial date will not provide sufficient time for all of this to occur.

In light of Scott's BOP evaluation, the court concludes that a continuance is warranted to enable Scott to prepare effectively for trial.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Cornelius Deon Scott's oral motion to continue (doc. no. 26) is granted.

(2) The jury selection and trial for defendant Scott, now set for November 5, 2018, are continued generallly.

DONE, this the 26th day of October, 2018.

　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE